IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN ALDANA,

    Petitioner,                    No. CIV S- 06-0393 MCE GGH P

    vs.

JAMES YATES,

    Respondent.               ORDER

_____/

        Petitioner, proceeding pro se, has purported to file a petition pursuant to 28 U.S.C. §2254 and has paid the $ 5.00 fee for filing a petition. However, upon screening the petition, the court finds that petitioner may proceed in this action only under 42 U.S.C. § 1983.

        Petitioner challenges the constitutionality of a prison regulation, Cal. Code Regs. tit.xv, § 3377(b), alleging that he has been ascribed an "R"-suffix custody designation by a Pleasant Valley State Prison classification committee, and the designation has been made wrongfully because the committee's decision was based on an arrest for a sexual assault against his domestic partner wherein his domestic partner later recanted and no conviction ensued. Petitioner claims violations of due process and equal protection and apparently seeks to have the regulation as applied to him declared unconstitutional, seeks removal of his "R"-suffix custody designation and seeks restoration of his family visit privileges.

1

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

The Supreme Court has also recently clarified, for example, that where prisoners sought the invalidation of state procedures used to deny parole suitability or eligibility, but did not seek an injunction ordering their immediate release from prison, their claims were cognizable under 42 U.S.C. § 1983. Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 1248 (2005)

Similarly, petitioner here challenges the validity of a prison regulation or at least the appropriateness of its application to him, but does not seek a speedier release from incarceration.

Petitioner is cautioned that if he elects to proceed as plaintiff that the language of the regulation he challenges, CAL. CODE REGS. tit.xv, § 3377(b), states, includes, in part, under § 3377(b)(2), that "[t]he committee shall consider the arrest reports and district attorney's comments related to each such arrest." Thus, on the face of it, the regulation does not require a conviction in order to apply the "R"-suffix.

The petition will be dismissed but petitioner will be granted 30 days to file a civil rights action using the form to be provided by the Clerk of the Court with this order.

Petitioner, in order to proceed in this action, must also file an in forma pauperis affidavit or pay the required filing fee for filing an action under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner, as plaintiff, will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee, within 30 days. Petitioner will be credited with $5.00 toward the $250.00

filing fee for civil rights actions in effect at the time of that this "petition" was filed.[1]

Accordingly, IT IS ORDERED that:

1. This action is construed as one brought pursuant to 42 U.S.C. § 1983 and the Clerk of the Court is directed to re-designate this case as a civil rights action under 42 U.S.C. § 1983;

2. The petition is dismissed with leave granted for petitioner, as plaintiff, to file, within 30 days, a complaint pursuant to 42 U.S.C. § 1983;

3. Petitioner, as plaintiff, must also file, within 30 days, an in forma pauperis affidavit or pay the remaining required filing fee in this action of $245.00;

4. The Clerk of the Court is directed to provide petitioner, as plaintiff, both a civil rights complaint form for prisoners in this district and a new Application to Proceed In Forma Pauperis By a Prisoner;

5. Failure to comply with this order in full will result in a recommendation that this action be dismissed.

DATED: 5/8/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
alda0393.ord

---

[1] As of April 9, 2006, the filing fee for civil rights actions is $350.00.

3